UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  12-0052 |
| VERSUS | * | JUDGE TOM STAGG |
| JOHN DOE, purporting to be Mark David Hook | * | MAG. JUDGE KAREN L. HAYES |

### ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to suppress [doc. # 12] filed by defendant, John Doe.  By this motion, defendant seeks to suppress any, and all oral or written statements that he provided to government agents as a result of the agents' alleged failure to provide him with requisite *Miranda* warnings before obtaining said statements.  (Def. Post Hearing Memo., pg. 5).

In its post-hearing brief, the government concedes that "[t]he Fifth Amendment privilege against self incrimination prohibits the admission of statements given by a suspect during a custodial interrogation without a prior warning."  (Gov.'t Post Hear. Memo., pg. 3). Furthermore, custodial interrogation is defined as "'questioning initiated by law enforcement officers after a person has been . . . deprived of his freedom of action in any significant way.'" *United States v. Borchardt*, 809 F.2d 1115, 1118 (5th Cir. 1987) (citing *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612 (1966)).  Although the government suggests, in passing, a distinction between immigration and criminal detention,[1] the court observes that for purposes of *Miranda*, the reason that a person is in custody is immaterial.  *Mathis v. United States*, 391 U.S.

---

[1]  Gov.'t Post Hear. Memo., pg. 4.

1, 4-5, 88 S. Ct. 1503, 1505 (1968).

Here, it cannot seriously be contested that defendant's freedom was significantly curtailed during his period of confinement or detention at various government contracted facilities. Instead, the government contends that it never subjected defendant to an interrogation. However, "[t]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S. Ct. 1682, 1689-90 (1980).[2] Thus, while ordinary biographical questions that are part of the routine booking process typically do not constitute an interrogation under *Miranda*,[3] the situation materially changes when the questions become "calculated and intended to elicit a criminally incriminating response." *United States v. Chavira*, 614 F.3d 127, 133 n8 (5th Cir. 2010) (citing *Innis, supra*).

In the case *sub judice*, the government maintains that, at all times, defendant was not subjected to an interrogation because immigration officers were attempting to obtain defendant's biographical information to effect his removal. However, records from defendant's alien file, that the government adduced in response to defendant's March 2009 habeas petition, indicate that as early as June 2008, immigration agents had referred the matter to the U.S. Attorney for the Western District of Louisiana for prosecution. *See Hook v. Holder*, Civil Action No. 09-0423 (W.D. La.) (Gov.'t Ans. Exhs. 21, pg. 7; 22, pg. 1 [doc. # 8-2]). Furthermore, the defendant testified at a June 17, 2009, evidentiary hearing that Agent Fruge' read him his "rights," and

---

[2] By "incriminating response" the Court intends "any response—whether inculpatory or exculpatory—that the *prosecution* may seek to introduce at trial." *Id*., at n5.

[3] *Gladden v. Roach*, 864 F.2d 1196, 1198 (5th Cir. 1989)

threatened him with a five to ten year jail term if he made a mistake. *Hook, supra*, Transcript of June 17, 2009, Evid. Hearing, pgs. 21-22 [doc. # 25]. Consequently, defendant invoked his right to counsel. *Id*. Defendant's version of events is supported by a handwritten statement in his alien file wherein he apparently declined to answer under oath some 20+ written questions, and invoked his right to counsel. *See* Record of Sworn Statement in Admin. Proceedings, Gov.'t Exh. 14 in C.A. No. 09-0423.[4]

The foregoing evidence from defendant's prior habeas case suggests that at least some of the questioning of defendant by government agents constituted custodial interrogation for purposes of *Miranda*. Furthermore, defendant apparently was read unspecified "rights" that prompted him to invoke his right to counsel. Accordingly, before reaching the merits of the instant motion, the court will call on the parties to address the admissibility and effects of this evidence, via the following interrogatories.

First, may the court properly take judicial notice of the testimony and written evidence adduced in *Hook v. Holder, supra*, for the limited purpose of the instant motion to suppress?

Second, what written or oral statements of defendant does the government actually intend to introduce at trial, in its case in chief? When and how were these statements obtained? Under what circumstances did the government questioning occur? The indictment charges defendant with conduct that occurred on or about August 11, 2009. *See* Indictment. Does that mean that the government does not intend to introduce any statements by defendant that precede that date?

Third, if, as the habeas record indicates, defendant invoked his right to counsel in response to government questioning in June 2008, under what circumstances may he

---

[4] Agent Fruge' proffered the questionnaire, which probed defendant's citizenship and alien status. *Id*.

subsequently waive his right to counsel? *See Maryland v. Shatzer*, ___ U.S. ___, 130 S.Ct. 1213 (2010). Did he voluntarily do so here, and if so, as to which statement(s)?

Finally, in the event that the court finds that the government obtained one or more statements from defendant in violation of *Miranda*, how is this determination affected by the independent source doctrine or the inevitable discovery rule? *See United States v. Ible*, 630 F.2d 389, 394 (5th Cir. 1980);*United States v. Brookins*, 614 F.2d 1037, 1041 (5th Cir. 1980); *United States v. Singh*, 261 F.3d 530, 535 (5th Cir. 2001).

The parties shall submit memoranda addressing these questions within the next seven days from the date of this order.[5]

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 22nd day of August 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[5] By agreement, the parties may stagger their responses within the seven day period.