# UNITED STATES DISTRCT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 3:12-cr-00052** |
| **VERSUS** | : | **JUDGE STAGG MAGISTRATE** |
| **MARK DAVID HOOK** | : | **JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by Mark David Hook.[1]

Section 2255 provides in pertinent part the following:

> A prisoner in custody <u>under sentence of a court</u> established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255(a) (emphasis added).  Movant is plainly not entitled to relief under Section 2255 because he is not in custody pursuant to the "sentence of a court."  There was never a conviction.  In fact the indictment against movant was dismissed and the case is considered closed.  Docs. 60, 62.

Movant is in custody pursuant to an ongoing immigration removal proceeding, the subject of which movant has raised in a separate *habeas corpus* proceeding.  *See Hook v. Holder*, No. 2:11-cv-131 (W.D. La.)  Any relief to which movant may be entitled as a result of his continued detention will be afforded through the *habeas* proceeding.

---

[1] The motion was transferred to the undersigned as petitioner has a parallel proceeding wherein he is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Doc. 66.

Accordingly, IT IS RECOMMENDED that the motion be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of July, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE